Date signed September 29, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                    :
                                          :
DAVID R. BEAN                             :      Case No. 05-32991PM
                                          :              Chapter 7
         Debtor                           :
- - - - - - - - - - - - - - - - - - - - - :

MEMORANDUM OF DECISION

The Debtor, David R. Bean, filed a bankruptcy case under Chapter 7 on September 29, 2005.  In due course, after the Trustee filed a Report of No Distribution, Debtor received a discharge on January 9, 2006, and the case was closed on January 10, 2006.  On August 25, 2009, Debtor filed this Motion to reopen his Chapter 13 case in order add an unsecured creditor, one Rachel Simpson, who had obtained a judgment against him for $7,580.00 in the Circuit Court for Montgomery County, Maryland.  In connection with Ms. Simpson's efforts to collect on the judgment, Debtor was summoned to appear in the Circuit Court.  Through this Motion, Debtor seeks to reopen his case to schedule and discharge the debt.

As pointed out in the cases of *In re Harmon*, 213 B.R. 805 (BC Md. 1997), and *In re Stecklow*, 144 B.R. 3 (BC Md. 1992), no purpose is served by reopening a closed no-asset Chapter 7 case.  Section 523(a)(3) of the Bankruptcy Code provides:

> **11 U.S.C. § 523.  Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> \*       \*       \*       \*       \*
>
> (3) neither listed nor scheduled under section 521(1) of this title,

>	with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
>>	(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>>	(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

When the matter came on for hearing, Rachel Simpson stated that the claim was based upon theft and fraud on the part of the Debtor. Therefore, § 523(a)(4) of the Bankruptcy Code is applicable. That section provides:

>	(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>	\*		\*		\*		\*		\*
>	(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Under 28 U.S.C. § 1334, this court has original but not exclusive jurisdiction over dischargeability issues. Inasmuch as the case has already been tried in state court, that court is the appropriate venue to determine whether 11 U.S.C. § 523(a)(4) bars the discharge of Debtor's obligation to Rachel Simpson.

An appropriate order will be entered.

cc:
David R. Bean, 4909 Cleveland Court, Temple Hills, Md 20748
Bennie R. Brooks, Esq., 8201 Corporate Drive, Suite 260, Landover, MD 20785
Rachel Simpson, c/o Stephen Shechtel, Esq.,
	Old Town Center, 17 West Jefferson Street, Suite 105, Rockville, MD 20850
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770
Michael G. Wolff, Trustee, 15245 Shady Grove Road, Suite 465, Rockville, Md 20850

**End of Memorandum**